## BARTHOLOMEW SCANLAN, Respondent, *v.* PATRICK GILLAN and MICHAEL TEENEY, Appellants.

When Courts are called upon to set aside contracts, there must be some substantial reasons shown, and a Court of Chancery particularly, will not act when it is kept in the dark, as to the reasons or purposes of a transaction in reference to which relief is sought.

APPEAL from the District Court of the Tenth Judicial District, Sierra County.

The case was brought upon the Chancery side of the Court below, and had for its object the cancellation of a bill of sale of an interest in a mining claim, given by plaintiff to defendant.

The complaint alleged that the sale was made without consideration, but did not allege any reasons why the transfer had been made.

The answer denies the allegation, and asserts that the sale was made for a valuable consideration.

The cause was referred by consent, and upon the testimony reported

by the referee, the Court sitting as a jury gave a decree in favor of the plaintiff.

*Dunn* and *Cossitt*, for Appellants.

*Jo. G. Baldwin*, for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. BRYAN, J., concurred.

The bill alleges a transfer by complainant to defendants of the property in dispute without any valuable consideration, and seeks to set it aside. The bill fails to allege the reasons for the transfer. The answer declares that the transfer was for a valuable consideration.

This should have ended the suit, and the bill ought to have been dismissed.

When Courts are called upon to set aside contracts, there must be some substantial reasons shown, and a Court of Chancery, particularly, will not act when it is kept in the dark as to the reasons or purposes of a transaction in reference to which relief is sought.

The decree is reversed, and the bill dismissed.